Virgil **MOTLEY** and Symeon Colquitt, Plaintiffs,

v.

**COLUMBIA BROADCASTING SYSTEMS, INC., Defendant.**

No. H 79–458.

United States District Court, N. D. Indiana, Hammond Division.

July 19, 1982.

734

Robert D. Hawk, Spangler, Jennings, Spangler & Dougherty, Merrillville, Ind., for plaintiffs.

Lawrence Gunnels, Reuben & Proctor, Chicago, Ill., Theodore L. Sendak, Sendak, Sendak & Luke, Crown Point, Ind., Samuel J. Goodman, Goldsmith, Goodman, Ball & Van Bokkelen, Highland, Ind., for defendant.

## ORDER ON REQUEST FOR PRODUCTION OF VIDEO TAPE

KANNE, District Judge.

This case involves allegations of libel by plaintiffs, high-ranking police officers of the City of Gary, against the defendant, CBS, based on a series of television broadcasts by the defendant. Counsel for the plaintiffs, during the course of this litigation, interviewed a non party, Myron Johnson, in a lengthy question and answer fashion and recorded the interview on video tape. In addition, plaintiffs' counsel caused a transcript of the video tape interview to be made. Defendant now requests an order from the court compelling plaintiffs' counsel to produce the video tape or transcript of the interview of Myron Johnson.

Defendant seeks disclosure of the video tape interview of Myron Johnson through its previously filed request for production under Fed.R.Civ.P. 34.

Plaintiffs' counsel asserts that the video tape interview and the transcript thereof constitute attorneys' work product and therefore its disclosure is barred.

In support of the request to compel, defendant relies on *In Re Special September 1978 Grand Jury*, 640 F.2d 49 (7th Cir. 1980) and *In Re Sealed Case*, 676 F.2d 793 (D.C. Cir.1982), wherein the existence of an "ongoing client fraud" causes a waiver of the work product doctrine.

The Court, upon agreement of counsel, has made an in camera review of the following:

1. A substantial portion of the video tape interview of Myron Johnson conducted by plaintiffs' counsel on the 25th day of September, 1981.

2. A transcript of the foregoing interview prepared by a court reporter who was present during the video tape interview.

The Court has further reviewed a transcript of a statement made, under oath, by Myron Johnson at the time of his sentencing in this court for narcotics violation on the 14th day of May, 1982.

Based on these materials the Court finds that there is insufficient evidence, either in the video taped interview or the statement made by Myron Johnson at the time of his sentencing, to make a prima facie showing of an ongoing fraud by the plaintiffs.

The Court further finds that the thrust of the questions, posed by plaintiffs' counsel during the interview conducted in preparation for trial, reflect counsel's mental impressions, conclusions, opinions and legal theories about the case.

And finally the Court finds that Myron Johnson is now in federal custody serving a five year sentence in the Federal Correctional Institution at Sandstone, Minnesota.

The rule recognized by the Seventh Circuit specifically applicable to this case was succinctly set forth in *In Re Special September 1978 Grand Jury, supra,* at page 63:

We therefore hold that the work product doctrine is waived for client fraud even

when asserted by the attorney *except that it is assertible to protect the attorney's mental impressions, conclusions, opinions, and legal theories about the case.* (Emphasis added.)

The interview of Myron Johnson is protected by the work product doctrine and the defendant cannot prevail in its request for production. First, there is no prima facie showing of an ongoing fraud by plaintiffs. Second, even if such an ongoing client fraud were shown to exist, the questions posed by plaintiffs' counsel in his interview of Myron Johnson, disclosed counsel's mental impressions, conclusions, opinions and legal theories about the case, and the interview therefore would come under the exceptions stated above.

In addition Myron Johnson is available for examination by plaintiffs' counsel and no extraordinary justification has been shown to exist for lifting the exception.

It is therefore ORDERED that defendant's request for an order compelling discovery of the video tape or transcript of the Myron Johnson interview by plaintiffs' counsel is hereby OVERRULED and DENIED.